UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dashawn Roberson, #290380, | ) | C/A No. 4:09-1885-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Dashawn Roberson ("Petitioner/Roberson"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 17, 2009. Respondent filed a motion for summary judgment on December 9, 2009, along with a return, supporting memorandum, and exhibits. The undersigned issued an order filed December 15, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on January 19, 2010.

## I. PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

Petitioner is presently confined in the Evans Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Horry County conviction and sentence. The Horry County Grand Jury indicted Petitioner at the October 2002 term of court for four counts of armed robbery (02-GS-26-3681, -3682, -3689, & -3690), two counts of pointing a firearm (02-GS-26-3691, & -3692), unlawful possession of a pistol by a person under the age of twenty-one (02-GS-26-3675) and possession of a firearm with an obliterated serial number (02-GS-26-3676). App. 89-90;95-96;98-99; 101-02; 104-05; 107-10. Lucia Bacot, Esquire, represented him on these charges.

On January 27, 2003, Petitioner Roberson pleaded guilty as indicted before the Honorable Stephen H. John. Judge John sentenced him to an aggregate sentence of twenty years imprisonment. App. 2-48; 88; 1; 94;97; 100; 103; 106; 111-13. Petitioner did not appeal his guilty plea or sentence.

However, Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (03-CP-26-7256) on December 12, 2003. He alleged the following grounds for relief in his Application:

1. Ineffective assistance of counsel/plea in violation of Federal Rule 11.

2. Due process violation of Rule 3 of S.C. Rules of Criminal Procedure.

3. Violation of 14th Amendment Equal Protection Clause.

App. 50-56. The State filed its Return on October 14, 2004. App. 57-61.

The Honorable John L. Breeden, Jr., held an evidentiary hearing into the matter on May 24, 2006, at the Horry County Courthouse. Petitioner was present at the hearing; and Charles T. Brooks, III, Esquire, represented him. Assistant Attorney General Robert L. Brown represented the State. Petitioner testified on his own behalf. App. 62-79.

At the evidentiary hearing, Petitioner proceeded only on the allegations that the State failed to indict him within ninety days of his arrest warrant, and that he was entitled to be paroled after

seven years of incarceration for armed robbery. He did not proceed on any ineffective assistance of counsel allegations. App. 62-79. Judge Breeden also had before him a copy of the transcript of Petitioner's guilty plea, the records of the Horry County Clerk of Court, and Petitioner's SCDC records. App. 81.

On June 16, 2006, Judge Breeden filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that he pursued at the PCR hearing. App. 81-87.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Eleanor Duffy Cleary represented him in collateral appellate proceedings. On May 1, 2007, Ms. Cleary filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only Question Presented in the *Johnson* Petition was stated as follows:

> Whether petitioner's guilty plea was involuntary because it failed to comply with the mandates of Boykin v. Alabama?

*Johnson* Petition for Writ of Certiorari at p. 2. It does not appear that Petitioner filed a *pro se* response.

The South Carolina Court of Appeals filed an Order denying certiorari and granting counsel's

petition to be relieved on June 1, 2009. It sent the Remittitur to the Horry County Clerk of Court on June 17, 2009.

## II. HABEAS ALLEGATIONS

Petitioner filed his petition on July 17, 2009, raising the following allegations, quoted verbatim:

3

**GROUND ONE:** Whether petitioner's guilty plea was involuntary because it failed to comply with the mandates of Boykin v. Alabama.

**SUPPORTING FACTS:** The statute Petitioner's [sic] was sentenced under mandates parole eligibility after the completion of (7) seven years. See S.C. Code ANN. §16-11-330(A). Now South Carolina Court's do not want to honor their own statute by calling my sentences "no parole" offenses that is contrary to the literal meaning and plain reading of the statute, thus due to the detrimental reliance of my plea and understanding that I would be eligible for parole after seven years renders my plea involuntary and in violation of clearly established Federal Law.

### III. SUMMARY JUDGMENT

Respondent filed a motion for summary judgment, and Petitioner responded.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court
assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the Ppetitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a

5

Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

#### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal

habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,
> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

9

ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499

10

U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. ANALYSIS

In Ground One of the habeas petition, Petitioner argues that his plea was involuntary because it failed to comply with the mandates of Boykin v. Alabama. Petitioner asserts in his supporting facts that his plea was involuntary because he relied being eligible for parole after seven years but the state maintains that his sentences are "no parole" offenses in contradiction to state statute §16-11-330(A).

11

Respondent argues that this issue is procedurally barred because Petitioner did not present it to the state court of appeals on certiorari following denial of relief by the PCR judge. Furthermore, Respondent asserts that the issue is also procedurally defaulted because the state PCR judge's Order reflects that the issue was rejected on an alternative independent and adequate state law ground that bars review of this allegation in habeas corpus.

A review of the PCR Order of Dismissal reveals the PCR judge found as follows:

> Applicant further alleges that under the statute for armed robbery he is entitled to be paroled after seven (7) years of incarceration. Applicant relies on the sentence, "[a] person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence." S.C. Code §16-11-330(A). However, Applicant incorrectly interprets the law to entitle someone convicted under this statute to be automatically eligible for parole after seven (7) years. However, this statute only states that a person convicted under the statute must serve a minimum of seven (7) years before being eligible for parole. Accordingly, this allegation is denied and dismissed.
>
> Further, aside from two matters specifically mentioned in the statue, post-conviction relief is proper avenue of relief only when the Applicant mounts a collateral attack challenging the validity of his conviction or sentence. Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000). A credit–related claim or challenge to other conditions of confinement administrative matters and, claims, cannot be raised in a post conviction relief proceeding. Id. Likewise, a challenge to the conditions upon which parole eligibility is determined or decided is not cognizable in a post-conviction relief application. Jernigan v. State, 340 S.C. 256, 531 S.E.2d 507 (2000).
>
> Here the Applicant complains that the Department of Corrections (SCDC) is not properly calculating his parole date. The statutory right to sentence related credits is a protected "liberty" interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Because SCDC's disciplinary and grievance procedures are consistent with the standards delineated in Wolff v. McDonnell, supra., inmates may seek review of such claims under the Administrative Procedures Act (APA). Al-Shabazz, 338 S.C. 354.
>
> This Court finds that the Applicant's allegations all concern matters which must be raised through DPPS. If the Applicant is dissatisfied with the decision rendered by [SCDC] [DPPPS], then he may seek review of the decision under the APA. See, Al-Shabazz, 338 S.C. 354/Furtick, supra. Therefore, this application for post conviction

relief is denied and dismissed.

(Tr. 83-84).

In Ground One, Petitioner asserts that his plea was involuntary because it failed to comply with the mandates of Boykin v. Alabama. (Petition, Ground One). Respondent argues that this issue is procedurally defaulted. The undersigned agrees.

It is recommended that the issue be denied and dismissed as procedurally defaulted. Petitioner did not file a direct appeal and did not raise this issue at PCR. The first time Petitioner raised the issue of whether his plea complied with the mandates of Boykin, supra, was in the Johnson petition appealing the PCR order. Therefore, as this issue was not raised and ruled upon by the state courts, it is procedurally barred from federal habeas review. Coleman, supra.[2]

As to the procedural default, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; *see* 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035 (1991)

---

[2] As to any claim Petitioner may be attempting to raise under Ground One that the state court misinterpreted their own state statute, the claim should be dismissed. The PCR court found that petitioner was relying on state statute which he had incorrectly interpreted and that a challenge to the conditions upon which parole eligibility is determined or decided is not cognizable in a post-conviction relief application. *Citing* Jernigan v. State, 340 S.C. 256, 531 S.E.2d 507 (2000). This issue would not be cognizable in federal habeas review.

13

["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), *cert. denied*, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Therefore, it is recommended that the Respondent's motion for summary judgment be granted with regards to the issues raised under Ground One.

## VII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #17) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 16, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**