IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dashawn Roberson, #290380, | ) | C.A. No. 4:09-1885-TLW-TER |
|        Petitioner, | ) | |
| vs. | ) | ORDER |
| McKither Bodison, | ) | |
|        Respondent. | ) | |

The *pro se* petitioner seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. He filed his habeas petition on July 17, 2009. (Doc. # 1). The respondent filed a return and motion for summary judgment on December 9, 2009. (Docs. # 17 and # 18). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed December 15, 2009 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 19). Petitioner filed his response to the respondent's motion for summary judgment on January 19, 2010. (Doc. # 22).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Rogers recommends that the respondent's motion for summary judgment be granted (Doc. # 17), and that this petition be denied and dismissed without an

1

evidentiary hearing. (Doc. # 23). Petitioner has filed objections to the Report. (Doc. # 25).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. The Court notes that to the extent the petitioner raises a Boykin v. Alabama claim, the Report concludes that this issue is procedurally defaulted. The Report also addresses in footnote number two any claim that Petitioner may be attempting to raise in Ground One that the state court misinterpreted its own state statute. The Report notes that the PCR court found that petitioner was relying on a state statute which he had incorrectly interpreted and that a challenge to the conditions upon which parole eligibility is determined or decided is not cognizable in a post-conviction relief application. Citing Jernigan v. State, 340 S.C. 256, 531 S.E.2d 507 (2000). The Report concludes that this issue would not be cognizable in federal habeas review. As noted, this Court accepts the Report and its conclusions.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 23), petitioner's objections are **OVERRULED** (Doc. # 25); respondent's

motion for summary judgment is **GRANTED** (Doc. # 17), and this petition is **DENIED** and **DISMISSED** without an evidentiary hearing.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

July 6, 2010
Florence, South Carolina